[Civ. No. 11223. Second Appellate District, Division Two.—January 25, 1937.]

HOWARD TOMLINSON, Petitioner, v. L. E. LAMPTON, Clerk of the Superior Court, etc., et al., Respondents.

George L. Hampton and W. W. Middlecoff for Petitioner.

Everett W. Mattoon, County Counsel, and J. F. Moroney, Deputy County Counsel, for Respondents.

THE COURT.—This is a petition for a writ of mandate, requiring respondent superior court to make an order directing the clerk of said court to pay petitioner a sum of money held by virtue of a writ of attachment. A demurrer has been filed to the petition.

The material facts alleged in the petition are:

Petitioner, through mesne assignments, became entitled to the sum of $875, which sum had been previously assigned to W. W. Middlecoff for attorney's fees in a condemnation action and deposited with respondent clerk in an interpleader action entitled *City of Los Angeles* v. *Knapp*, 7 Cal. (2d) 168 [60 Pac. (2d) 127]. In this latter action our Supreme Court decided that petitioner was entitled to the aforesaid sum. Thereafter N. F. Weston filed an action against W. W. Middlecoff, obtained the issuance of a writ of attachment, and served a garnishment on respondent clerk, attaching the property of W. W. Middlecoff standing in his name or that of petitioner, whereupon respondent clerk refused to pay to petitioner the sum in question.

If this court should grant the petition for a writ of mandate the parties would be deprived of their right to have questions of fact concerning title to the property determined by the trial court. Provision is made in the Code of Civil Procedure for a hearing to determine title to property under attachment. (Secs. 549 and 689, Code Civ. Proc.) Petitioner has a plain, speedy, and adequate remedy in the superior court.

The demurrer to the petition is sustained and the writ is denied.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 15, 1937. An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 25, 1937, and the following opinion then rendered thereon:

THE COURT.—The petition for hearing after decision by the District Court of Appeal of the Second Appellate District, Division Two, is denied.

In denying said petition for hearing, we withhold approval of the statement that sections 549 and 689 of the Code of Civil Procedure are available to petitioner in the present proceeding. Petitioner has an adequate legal remedy, namely, intervention in the other action, and accordingly it is not proper to issue the writ.