[Civ. No. 29930. First Dist., Div. Four. Dec. 3, 1971.]

ROSE KING et al., Plaintiffs and Appellants, v.
ROBERT MARTIN, as Director, etc., Defendant and Respondent.

## COUNSEL

Ira H. Meyer, Clifford Sweet, William R. Petrocelli, Denis Clifford and F. Hayden Curry for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, and Richard L. Mayers, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**THE COURT.**—Each of the appellants is a recipient of public assistance ("welfare") from the Alameda County Welfare Department. Appellants sought mandate in the superior court to compel respondent Director of the State Department of Social Welfare to render timely decisions on appellants' appeals from county decisions reducing or terminating aid. The superior court denied relief; we have concluded that a writ of mandate should have been issued.

In California the public assistance programs are administered by county welfare departments (see Welf. & Inst. Code, § 11050 et seq.) A so-called "indigent aid" program is supported entirely by county financial resources at aid levels set by the county. (See Welf. & Inst. Code, § 17000 et seq.) More important than this general program of aid to indigents, in terms both of dollar amounts involved and numbers of recipients, are the four special categories of aid in which under terms of the Social Security Act the United States government participates in meeting program costs.[1] Congress conditioned federal financial participation in these programs upon the state's presenting for federal approval, and thereafter conforming to, a plan for administration of its welfare program. (42 U.S.C. §§ 302, 602, 1202, 1352, 1382.) A state's failure to conform to federal welfare laws and regulations made thereunder may result in termination of federal financial participation. (42 U.S.C. §§ 304, 604, 1204, 1354, 1384.) Among the applicable federal requirements is a guarantee that a welfare recipient be afforded an opportunity for an administrative "fair hearing" following any adverse determination, by the county welfare department, of an issue of eligibility or the amount of aid payable. (42 U.S.C. §§ 302, subd. (a)(4); 602, subd. (a)(4); 1202, subd. (a)(4); 1352, subd. (a) (4); 1382, subd. (a)(4).) An implementing regulation of the Secretary of Health, Education and Welfare provides that "Prompt, definitive and final administrative action will be taken within 60 days from the date of the request for a fair hearing." (Handbook of Public Assistance Administration, § 6200, subd. (j).)

---

[1] Title 42 United States Code, chapter 7.

The federally assisted categories of aid are: old age security (42 U.S.C. § 301 et seq.); aid to families with dependent children (42 U.S.C. § 601 et seq.); aid to the blind (42 U.S.C. § 1201 et seq.); and aid to the disabled (42 U.S.C. § 1351 et seq.)

The Director of the State Department of Social Welfare has been empowered to adopt regulations governing the administration of the federally assisted categories of aid. (See Welf. & Inst. Code, § 10553, subd. (d).) These regulations are set out in a Public Social Services Manual, published by the State Department for the guidance of state and local welfare officials. Procedures for the conduct of "fair hearings" are specified in the manual (see § 22-000 et seq.). Included in the manual are specific time limits for the performance of the steps necessary to completion of a "fair hearing." The hearing is to be scheduled not more than 17 days after request (Manual § 22-045). Within 21 days after the hearing has been closed, the hearing officer is to present a proposed decision to the director (Manual § 22-057). The director is to act on the proposed decision within 10 days after receiving it (Manual § 22-059.1); and within 3 days after the director has acted, his decision is to be mailed to the claimant (Manual § 22-061).[2] Inferably one purpose of these time limits is to assure that the state's fair hearing procedure does in fact conform to the federal 60-day requirement.

■ It is conceded by respondent that all the appellants requested fair hearings to resolve disputes about claimed benefits, that appellants specifically requested respondent to render decisions within the time specified by the regulations, and that respondent failed to do so. Respondent contends that the regulations are directory, rather than mandatory, and that because his budget is restricted it is impossible for him to conform to the regulations.

It is conceded by appellants that respondent has now rendered decision as to them. While the present appeal might therefore arguably be moot, respondent has properly withheld making such a contention. The issue presented in this appeal affects a large continuing flow of "fair hearings," and should be resolved in the public interest. (See *DiGiorgio Fruit Corp.* v. *Dept. of Employment* (1961) 56 Cal.2d 54, 58 [13 Cal.Rptr. 663, 362 P.2d 487].) We note also that the case was properly presented as a class action (see *Adkins* v. *Leach* (1971) 17 Cal.App.3d 771 [95 Cal. Rptr. 61]).

The statutory and regulatory language reviewed above contains nothing suggesting that the requirement of a fair hearing decision within 60 days is only advisory or directory and not mandatory. On the contrary, the state regulation explicitly states that manual "Requirements are stated as

---

[2]The manual has been amended, effective 9/3/71, to eliminate the special time limits mentioned above. The requirement remains, however, that "All fair hearing matters will be set for hearing, heard, and disposed of by fair hearing decision within 60 days from the date of the request for fair hearing, . . ." (Manual § 22-056.)

clearly and objectively as possible, and are to be distinguished from recommendations." (Handbook of Public Assistance Administration, § 4210, subd. 4.) Handbook section 6200, subdivision (j), provides that "Prompt, definitive and final administrative action will be taken within 60 days from the date of the request for a fair hearing." Handbook section 6400, subdivision (g), states that "The over-all time limit of 60 days between the date of the request for the hearing and the date of the final administrative action, will serve as one of the *safeguards* of prompt, administrative action." (Italics added.) The regulation could not be regarded as a "safeguard" assuring prompt action if it is merely directory. In determining whether the requirements of an enactment are mandatory, it is held that " 'If to construe [the language] as directory would render it ineffective and meaningless it should not receive that construction.' [Citations.] Thus, a statute was held to be mandatory where 'to construe this provision of the section as directory merely would be to defeat the very purpose of its enactment.' [Citation.]" (*People* v. *Municipal Court* (1956) 145 Cal. App.2d 767, 775 [303 P.2d 375]; see also *Carter* v. *Seaboard Finance Co.* (1949) 33 Cal.2d 564, 573 [203 P.2d 758].) We have seen that Handbook section 6400, subdivision (g), declares the purpose of the 60-day fair hearing decision limitation as a safeguard assuring prompt administrative action; if the 60-day limitation is merely directory, the purpose of this enactment would be contradicted. Consequently, section 6200, subdivision (j) must be construed as mandatory. (Cf. *Rodriguez* v. *Swank* (N.D.Ill. 1970) 318 F.Supp. 289, 296 [holding to be mandatory a similar 30-day limitation of the time for action on an application for public assistance]; but cf. *Like* v. *Carter* (E.D.Mo. 1970) 318 F.Supp. 910, 913-914.)

Appellants' right to relief is determined by facts existing at the time the petition was filed. ■ " 'The act which will be compelled by *mandamus* must be one to the performance of which the complaining party is entitled at the institution of his proceeding. It is the refusal or neglect to perform an act which is enjoined by the law as a present duty that serves as the very foundation for the proceeding.' " (*Palmer* v. *Fox* (1953) 118 Cal.App.2d 453, 456 [258 P.2d 30].) At the time the petition was filed, appellants had not received a fair hearing decision, despite the fact that the allowed 60-day period had lapsed. Unexplained, this showing indicated that respondent had not adopted a plan to begin complying with the 60-day requirement. (See *International Assn. of Fire Fighters* v. *City of Palo Alto* (1963) 60 Cal.2d 295, 299-300 [32 Cal. Rptr. 842, 384 P.2d 170].) ■ Mandate is appropriate when it appears from the conduct or declarations of the officer against whom relief

is sought that he does not intend to comply with his lawful obligation. (*Imperial Mut. L. Ins. Co.* v. *Caminetti* (1943) 59 Cal.App.2d 494, 497-498 [139 P.2d 693].) Where a sufficient showing of duty and right is made, and no other adequate remedy is available, it is an abuse of discretion to deny relief. (3 Witkin, Cal. Procedure (1954) Extraordinary Writs, § 40, p. 2520.)

Respondent contends that his failure to render timely fair hearing decisions is not arbitrary or discriminatory, but should be excused by his present lack of funds to employ sufficient staff. It is true that fiscal difficulty has sometimes been held to excuse nonperformance of official duty (see *Sutro Heights Land Co.* v. *Merced Irr. Dist.* (1931) 211 Cal. 670 [296 P. 1088]). We have concluded that the Supreme Court did not intend by its language in *Sutro Heights Land Co.* to establish a generally applicable excuse from the performance of mandatory official duty wherever fiscal difficulty is shown. Thus, in *May* v. *Board of Directors* (1949) 34 Cal.2d 125 [208 P.2d 661], the Supreme Court declared that "it is no defense to a proceeding by a bondholder to obtain a writ of mandate to compel the levy of taxes or assessments to pay the bonds, or interest thereon, that such levy will impoverish or cause serious financial embarrassment to the public corporation. [Citations.]" (34 Cal.2d at p. 130.)

We recognize that after a writ of mandate has been issued the issuing court should use care, in any necessary enforcement of its writ, to choose measures pointed toward assuring real compliance with official duties rather than rigidly to punish any individual. (See Code Civ. Proc., § 1097; *Housing Authority* v. *City of Los Angeles* (1953) 40 Cal.2d 682, 688 [256 P.2d 4]; 3 Witkin, Cal. Procedure (1954) Extraordinary Writs, § 66, at p. 2562.)

The judgment denying mandate is reversed with directions to grant relief compelling compliance with the requirement of the regulation that fair hearing decisions be rendered within 60 days.

Respondent's petition for a hearing by the Supreme Court was denied February 10, 1972. Burke, J., was of the opinion that the petition should be granted.