[Civ. No. 13603. Third Dist. Jan. 3, 1973.]

NIRA J. ROGERS et al., Plaintiffs and Appellants, v. ROBERT B. CARLESON, as Director, etc., et al., Defendants and Respondents.

## COUNSEL

Gary J. Grimm and Thomas Schneider for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, N. Eugene Hill and Raymond M. Momboisse, Deputy Attorneys General, for Defendants and Respondents.

## OPINION

**PETERSEN, J.*** —Plaintiffs appeal from judgment for defendant following denial of plaintiffs' motion for summary judgment and granting of defendant's motion for summary judgment. The trial court found no violation of regulations, statutes or the Constitution by the Director. This is a class action by five named plaintiffs who applied for ATD (Aid to the Needy Disabled,

---

*Assigned by the Chairman of the Judicial Council.

Welf. & Inst. Code, §§ 13500-13801.)* The purpose of the ATD program is to provide assistance to persons who are both permanently impaired and totally disabled. (§ 13501.)

Each of the five named plaintiffs was found eligible for ATD in the referee's proposed decision, but was denied aid in the Director's alternate decision. A copy of both decisions was sent to each applicant as required by law. Plaintiffs now contend that defendant's procedure was unlawful in that no reasons were given for the Director's alternative decision.

An applicant who is denied aid has the right to a fair hearing conducted by referees employed by the Department of Social Welfare or hearing officers of the Office of Administrative Procedure. (§§ 10950, 10953.) (References hereinafter to "referees" include hearing officers.) Testimony is submitted under oath and is tape-recorded. The applicant may be represented by an attorney. The referee enters a proposed decision in writing in such form that it may be adopted as the decision in the case. This proposal is submitted to the chief referee for approval and then is filed with the Director of the Department of Social Welfare (hereinafter Director). (§§ 10955, 10956, 10958.) Section 10959 provides: "Within 30 days after receiving a copy of the referee's proposed decision, the director may adopt the decision in its entirety; decide the matter himself on the record, including the transcript, with or without taking additional evidence; or order a rehearing to be conducted by himself, the administrative adviser of the department or another referee in behalf of the director. If the director decides the matter, a copy of his decision shall be served on the applicant or recipient and on the affected county, and, if his decision differs materially from the proposed decision of the referee, a copy of that proposed decision shall also be served on the applicant or recipient and on the affected county. If a rehearing is ordered, it shall be conducted in the same manner and within the same time limits specified for the original hearing."

In all five cases the Director adopted the referee's statement of facts. In all cases the final paragraph and order of the referee's proposed decision read as follows: "Based upon the preponderance of evidence it is determined that claimant is eligible for ATD on the basis that impairments are total and permanent and substantially prevent claimant from [engaging in employment within claimant's competence.]

"ORDER

"Claim is granted."

---

*All references to code sections are to the Welfare and Institutions Code unless otherwise noted.

In four of the five cases the final paragraph and order were changed and the Director's alternate decision read the same except he said, "claimant is not eligible" and "impairments are not total and permanent and do not substantially prevent claimant from engaging in" a useful occupation, and ordered the claim denied.

In the case of Adrian Joseph Ames the final paragraph and order were changed in the Director's decision to read as follows: "While the claimant does suffer some pain and experiences some functional limitations as a result of claimant's impairments, the evidence does not establish that those impairments are total and permanent and substantially prevent the claimant from engaging in employment within the claimant's competence, such as sedentary employment.

"III

"In particular, the evidence does not establish that the claimant's hiatus hernia constitutes a significant and permanent disability.

"IV

"The evidence does not establish that the claimant was treated extensively without effect or relief of his edema at Presbyterian Medical Center.

"Accordingly, the county's determination of ineligibility is sustained.

"ORDER

"Claim is denied."

A hearing has been granted in the Ames case.

Plaintiffs challenge only the procedure of the Director in issuing a decision differing from that proposed by the referee without stating the evidence relied on or the reason for the decision. They do not challenge the sufficiency of the evidence to support the Director's decision or seek review of their individual cases. Therefore the issue before this court is whether or not the Director must give reasons for his decision.

█ We conclude that the Director must state his reasons for his decision. Sections 1381-1385, 42 United States Code Annotated, authorize grants to states for aid to the aged, blind, or disabled, or for such aid and medical assistance for the aged. To receive grants a state must have a plan approved by the Secretary of Health, Education and Welfare. (42 U.S.C.A. § 1381.) A state plan must ". . . provide for granting an opportunity for a fair hearing before the State agency to any individual whose claim for aid or

assistance under the plan is denied or is not acted upon with reasonable promptness; . . ." (42 U.S.C.A. § 1382, subd. (a)(4).) The requirements of a fair hearing are set forth in the federal regulations and include the following:

"Decisions by the hearing authority, rendered in the name of the State agency, *shall specify the reasons for the decision and identify the supporting evidence.* They shall be binding on the State and local agency." (Italics added.) (45 C.F.R. § 205.10, subd. (a)(15).) The California Legislature provided for hearings of applicants for public social services in sections 10950-10965. Section 10950 provides: "If any applicant for . . . public social services is dissatisfied . . . he shall . . . be accorded an opportunity for a fair hearing." The State Department of Social Welfare defines a fair hearing in its regulations and includes the following: "The decision of the Director of the State Department of Social Welfare shall be in writing. *It shall include a statement of the facts and of the statutes and regulations involved and of the reasoning which supports the decision."* (Italics added.) (Manual of Policies and Procedures, Eligibility and Assistance Standards (State Dept. of Social Welfare), Reg. 22-059.2.)

The United States Supreme Court has said: "State participation in federal welfare programs is not required. States may choose not to apply for federal assistance or may join in some, but not all, of the various programs. . . . As long as a State is receiving federal funds, however, it is under a legal requirement to comply with the federal conditions placed on the receipt of those funds; . . ." (*Rosado* v. *Wyman* (1970) 397 U.S. 397, 427 [25 L. Ed.2d 442, 464, 90 S.Ct. 1207].) The California Supreme Court has recognized that when the state chooses to join a federal program the California plan must comply with the mandatory requirements established by the Social Security Act and the regulations promulgated thereunder. The Director "must establish regulations not in conflict with federal law (Welf. & Inst. Code, § 10604), and must administer the state program 'to secure full compliance with the applicable provisions of state and federal laws' (Welf. & Inst. Code, § 10600)." (*County of Alameda* v. *Carleson* (1971) 5 Cal.3d 730, 739 [97 Cal.Rptr. 385, 488 P.2d 953].) The State Department of Social Welfare has established a regulation requiring the decision of the Director to include the reasoning which supports the decision, but the Director has not complied with that regulation; he has not included the reasoning behind his decision.

It is to be noted that the "Reason for Decision" merely states the basic ATD law and the conclusion that "based upon the preponderance of evidence it is determined that claimant is not eligible for ATD on the basis that

impairments are not total and permanent and do not substantially prevent claimant from engaging in employment within claimant's competence." This "Statement of Fact" does not supply the reason for the decision. On the contrary, the "Statement of Fact" makes the conclusion confusing. To illustrate, claimant Nira J. Rogers states she is "unable to work" as a result of her impairment. The examining doctor, George Arack, M.D., substantiates her statement in that he finds that she has three conditions, any of which in his opinion would be disabling. The decision contains no fact or opinion that claimant's disability is less than total or that the impairment is less than permanent. We find nothing to explain the Director's decision.

The Director takes the position that his statement "based upon the preponderance of evidence it is determined that claimant is not eligible for ATD on the basis that impairments are not total and permanent and do not substantially prevent claimant from engaging in employment within claimant's competence," explains his reasoning. We have found no cases which discuss the requirements in public social service decisions. However, there are a number of cases which discuss a similar requirement in section 5908.5 of the Labor Code for workmen's compensation decisions.

"Any decision of the appeals board granting or denying a petition for reconsideration or affirming, rescinding, altering, or amending the original findings, order, decision, or award following reconsideration shall be made by the appeals board and not by a referee and shall be in writing, signed by a majority of the appeals board members assigned thereto, and shall state the evidence relied upon and specify in detail the reasons for the decision." (Lab. Code, § 5908.5.) In *Granado* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 399 [71 Cal.Rptr. 678, 445 P.2d 294], the court held (at page 407): "The general statement of the board that it relies upon the evidence before it does not comply with the requirements of section 5908.5 of the Labor Code and must be disregarded." The court explains the reasons behind the requirement of reasons at page 406: "The board in any decision on reconsideration altering or amending an order or award is required to state the evidence relied upon and specify in detail the reasons for that decision in order to assist the reviewing court in ascertaining the principles relied upon by the board, to help the board avoid careless or arbitrary action, and to make the right of review meaningful. [Citations.]" In *Lundberg* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 436 [71 Cal.Rptr. 684, 445 P.2d 300], the referee inferred industrial causation. The board did not take any additional evidence. "Instead it determined in the absence of any supporting evidence to reject the inference of industrial causation, and *this it may not do.*" (Italics added.) (*Id.* at p. 440.) The specification of reasons was held inadequate in *Solomon* v. *Workmen's Comp. Appeals Bd.* (1972) 24 Cal.

App.3d 282 [100 Cal.Rptr. 899], where the board stated in its order granting reconsideration: " 'We are not completely satisfied with the medical evidence in the record at present as it pertains to the issues raised in the petition. In our opinion, an independent medical evaluation would be of assistance to us in resolving these issues. Reconsideration will be granted for the purpose of obtaining such an evaluation; for such further proceedings as may thereafter be indicated in the record; and for this Board's decision following reconsideration.' " (P. 287.) The court reiterated the reason for the requirement of reasons: "It is essential: 1) to apprise the parties and the referee of the basis for reconsideration, so that the parties will understand what new evidence or arguments they should present to the board (*LeVesque* v. *Workmen's Comp. App. Bd., supra,* p. 635, fn. 11) and 2), to 'assist the reviewing court to ascertain the principles relied upon by the lower tribunal, to help that tribunal avoid careless or arbitrary action, and to make the right of appeal or of seeking review more meaningful' (*Evans* v. *Workmen's Comp. App. Bd., supra,* p. 755 [68 Cal.Rptr. 825, 441 P.2d 633])." (*Ibid.*)

There is a difference between a denial of a petition for reconsideration, which is tantamount to adopting the referee's proposed decision after a fair hearing in an ATD case, and granting reconsideration, which is tantamount to making an alternate decision on the record or ordering a rehearing in an ATD case.[1] "[I]f the appeals board denies a petition for reconsideration its order may incorporate and include within it the report of the referee, provided that the referee's report states the evidence relied upon and specifies in detail the reasons for the decision." (*LeVesque* v. *Workmen's Comp. App. Bd.* (1970) 1 Cal.3d 627, 635 [83 Cal.Rptr. 208, 463 P.2d 432].)[2] However, when reconsideration is granted, the board must state the reasons in detail. This court said, in *Cal-Nat Airways, Inc.* v. *Workmen's Comp. App. Bd.* (1968) 268 Cal.App.2d 93, 97 [73 Cal.Rptr. 815]: ". . . Labor Code section 5908.5 requires any WCAB decision on reconsideration which alters an original finding to 'state the evidence relied upon and specify in detail the reasons for the decision.' This procedural demand aims at revealing the basis of the board's action, at avoidance of careless or arbitrary action and at assisting in meaningful judicial review. [Citation.] The board reversed the referee's finding of notification with nothing more than the flat statement that it 'accepted' Grier's testimony. . . . Whatever its actual inquiry, the

---

[1]The slight differences between the workmen's compensation and welfare procedure do not destroy the analogy. For example, in workmen's compensation cases the referee's decision becomes final unless reconsideration is granted. (Lab. Code, § 5900 et seq.) In welfare cases the Director has 30 days after receiving the referee's proposed decision to adopt the decision, decide the matter himself on the record, or order a rehearing. (§ 10959.)

[2]We are not in this case considering the adequacy of the specification of reasons in the referee's proposed decision.

board's statement was summary and arbitrary on its face, unaccompanied by any statement of reasons and failing to meet the requirements of section 5908.5." The Director, in the cases before us, does not point to any evidence relied on or give any reasons for his decisions.

The requirement of reasons in decisions is also for the guidance of the exercise of discretion in the future. Kenneth Culp Davis in his book Discretionary Justice (1969) discusses "Open precedents" at pages 106-111. He points out that if an agency strives for consistency it will write reasoned opinions, which in turn yield principles and then rules. Such rules tend to be sound since they are based on developing experience; discretion, rationally exercised in the individual case, shows a pattern which can guide future conduct. When such decisions are written and open to the public, future decisions can be judged for their adherence to the principles established. Both federal regulation and California statute provide for informing local agencies and the public of decisions. Section 205.10, subdivision (a)(16), of volume 45 of Code of Federal Regulations provides: "The State agency will establish and maintain a method for informing, at least in summary form, all local agencies of all fair hearing decisions by the hearing authority and the decisions will be accessible to the public (subject to provisions of safeguarding public assistance information.)"

Section 10964 of the Welfare and Institutions Code provides: "The department shall compile and distribute to each county department a current digest of decisions, properly indexed, rendered under this chapter, and each such digest shall be open to public inspection, subject, however, to the confidentiality requirements set forth in federal and state laws and regulations." It is clear that both federal and state laws require the director to specify the evidence relied on and the reasons for his decisions.

At times, before this court and before the trial court, appellants frame their contention in terms of a requirement that the Director state his reasons for *reversing* the referee. Framed in that way, it appears that appellants contend a referee's proposed decision must be adopted unless the evidence does not support it or there is some legal or equitable error. We find no support for the contention framed in that way. This court pointed out, in *Montyk* v. *Workmen's Comp. App. Bd.* (1966) 245 Cal. App.2d 334 (at p. 335) [53 Cal.Rptr. 848]: "The only question before us is whether the appeals board finding is supported by substantial evidence. Petitioner urges an additional issue—existence of substantial evidence to support the referee's finding. The latter is no longer at issue. The appeals board may make a factual determination contrary to that of

the referee although the testimony is conflicting. (*National Auto. & Cas. Ins. Co.* v. *Industrial Acc. Com.*, 34 Cal.2d 20, 28-29 [206 P.2d 841]; see also *Allied Comp. Ins. Co.* v. *Industrial Acc. Com.*, 57 Cal.2d 115, 119 [17 Cal.Rptr. 817, 367 P.2d 409].) Where, as permitted by Labor Code section 5315, the appeals board has set aside the referee's decision and made its own finding based upon independent examination of the record, the decision presented for judicial review is not that of the referee, but that of the appeals board. This court's reviewing authority now extends to the latter order only. (See Lab. Code, § 5952.)" This does not mean that the Director can ignore the findings and recommendation of the referee who conducted the fair hearing. In *Universal Camera Corp.* v. *Labor Bd.* (1951) 340 U.S. 474 [95 L.Ed. 456, 71 S.Ct. 456], the NLRB ordered an employee reinstated in spite of the fact that its referee, on conflicting evidence, found facts and made recommendation to the contrary. The Court of Appeal ordered enforcement of the NLRB order and held that NLRB's rejection of the referee's findings was without relevance in determining whether the NLRB findings were supported by substantial evidence. The Supreme Court vacated the Court of Appeal's judgment and said: "We do not require that the examiner's findings be given more weight than in reason and in the light of judicial experience they deserve. The 'substantial evidence' standard is not modified in any way when the Board and its examiner disagree. We intend only to recognize that evidence supporting a conclusion may be less substantial when an impartial, experienced examiner who has observed the witnesses and lived with the case has drawn conclusions different from the Board's than when he has reached the same conclusion. The findings of the examiner are to be considered along with the consistency and inherent probability of testimony. The significance of his report, of course, depends largely on the importance of credibility in the particular case. To give it this significance does not seem to us materially more difficult than to heed the other factors which in sum determine whether evidence is 'substantial.' " (*Universal Camera Corp.* v. *Labor Bd., supra,* 340 U.S. at pp. 496-497 [95 L.Ed. at p. 472].)

The California Supreme Court recently expressed its views on credibility matters: "Although the board is entitled to reject the referee's findings on credibility matters if substantial evidence supports contrary findings, the degree of substantiality required to sustain the board in such cases should be greater than that afforded by the evidence relied upon herein. As stated by this court in *In re Branch,* 70 Cal.2d 200, 203, footnote 1 [74 Cal.Rptr. 238, 449 P.2d 174], with respect to review of referee's findings in habeas corpus cases, 'A referee's findings of fact are, of course, not binding on this court, and we may reach a different conclusion on an independent examination of the evidence produced at the hearing he

conducts even where the evidence is conflicting. [Citation.] However, where the findings are supported by "ample, credible evidence" [citation] or "substantial evidence" [citation] they are entitled to great weight [citations] because of the referee's "opportunity to observe the demeanor of the witnesses and weigh their statements in connection with their manner on the stand. . . ." [Citation].' " (*Garza* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 312, 318-319 [90 Cal.Rptr. 355, 475 P.2d 451]; cf. *Greater Boston Television Corporation* v. *F.C.C.* (1971) 444 F.2d 841 [143 App.D.C. 383].) We cannot be more specific on credibility matters in this case because there is no explanation of what evidence was relied on and what rejected by the Director or what the reasoning was behind his conclusion. It is commendable that the Director is attempting to reduce the cost of public welfare in the interests of the suffering taxpayer. But the State Department of Social Welfare's own regulations and wise judicial review require to be set forth the reasoning which supports his decision.

This is as necessary in these matters as it would be if the Director overruled the referee wherein the referee found the claimant not to be totally and permanently disabled, and the Director, based upon the same facts, finds, without stating any reasons for his decision, that the claimant is totally and permanently disabled and thus eligible.

We are compelled to find that in either case the Director must state his reason for his decision, not why he disagrees with the referee but why he found as he did. Then and only then do we have compliance with the rules and regulations and a basis for intelligent judicial review. We do not reach the question of whether due process requires the Director to state the evidence relied on and reasons for his decision. He is required to do so by his own regulations which are in turn required by the federal law.

This court assumes that the Director acted properly in not adopting the referee's proposed decisions, but from the lack of stating same the court is unable to judicially determine that it is based on reason rather than an arbitrary act.

Judgment for defendants is reversed. The superior court is directed to enter an order annulling the decision of the Director.

Richardson, P. J., and Regan, J., concurred.

On February 1, 1973, the judgment was modified to read as printed above.