[Civ. No. 42602. Second Dist., Div. Three. July 9, 1974.]

DONALD CARTWRIGHT et al., Plaintiffs and Appellants, v. DAVID B. SWOAP, as Director, etc., Defendant and Appellant.

[Civ. No. 43714. Second Dist., Div. Three. July 9, 1974.]

MARY PETITT et al., Plaintiffs and Respondents, v. DAVID B. SWOAP, as Director, etc., Defendant and Appellant.

## COUNSEL

Daniel M. Leuvano, Rosalyn M. Chapman, Philip L. Goar and Elena H. Ackel for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, John J. Klee, Jr., Edward M. Belasco and Jerold A. Prod, Deputy Attorneys General, for Defendant and Appellant.

No appearance for Plaintiffs and Respondents.

## OPINION

**COBEY, Acting P. J.**—David B. Swoap, Director of Benefit Payments, sued in one of these two consolidated appeals under the name of his immediate predecessor, Robert B. Carleson, and in the other as director of the predecessor Department, Social Welfare,[1] appeals from superior court

---

[1] At oral argument the parties stipulated that Swoap in his present capacity as Director of Benefit Payments should be substituted as the defendant in both cases. The

judgments directing the issuance of peremptory writs of mandate that would command him to render final decisions within 60 days in his administrative hearings of the appeals of 45 petitioners in the Cartwright case and 51 petitioners in the Petitt case, unless he had already rendered such decisions. In the Cartwright case the trial court also denied in its judgment claims of each of the 45 petitioners for $100 in "nominal" damages. These petitioners have filed a cross-appeal from this denial and from the denial to them as well of reasonable attorneys' fees.[2] The three appeals lie. (See Code Civ. Proc., §§ 1110, 1064, 904.1, subd. (a).)

Both the appeals of the director present the issue of whether the Superior Court of Los Angeles County should have directed the issuance of these peremptory writs of mandate. The cross-appeal of petitioners in the Cartwright case presents the additional issue of whether the judgment in that case should have included an award of nominal damages.[3]

All 96 petitioners are either applicants for or recipients of public assistance under one of the four categorical aid programs and each of them at the times the two petitions were filed apparently had not been accorded by the director the administrative hearings of their appeals they had requested within 60 days of such requests as then prescribed by law.[4] Apparently the administrative hearings involved are appeals to the director from the denial, discontinuance, reduction in the amount of or refusal to increase aid to petitioners in one or more of the categorical aid programs.

There is no question that the director has violated his obligations to these petitioners under both federal and state statutes and regulations to issue decisions in their administrative hearings within the time period prescribed by law. But there has been in effect since March 23, 1972, a peremptory writ of mandate of the Alameda County Superior Court directing one of the director's predecessors, Robert Martin (and therefore presum-

---

Department of Benefit Payments as of July 1, 1974, succeeded to the functions of the Department of Social Welfare with respect to aid. (See Welf. & Inst. Code, §§ 21, 10054, 10055, 10550, 10600. These sections were either added or amended by Stats. 1973, ch. 1212, § 448.)

[2] These petitioners have now abandoned their cross-appeal insofar as it relates to the denial to them of reasonable attorneys' fees.

[3] This opinion does not reach this issue.

[4] This period has now been extended by federal and state regulations to 90 days. (See 42 U.S.C. § 1302; 45 C.F.R. § 205.10, subd. (a)(16), former 45 C.F.R. § 205.10, subd. (a)(11); Welf. & Inst. Code, §§ 10553, subd. (d), 10554; Public Social Services Manual, § 22-056.)

ably the director), to comply with the federal and state laws in this respect.[5] This writ was issued at the direction of another division of this statewide Court of Appeal on the basis of its decision rendered in *King* v. *Martin,* 21 Cal.App.3d 791 [98 Cal.Rptr. 711].

*King* v. *Martin* was a class action brought on behalf of "applicants and recipients of the four categorical aid programs in the State of California who have the potential for requesting a fair hearing." It is obvious that all 96 petitioners before us belong to this class.[6]

We judicially notice pursuant to Evidence Code section 452, subdivision (d), that mandamus proceedings similar to the two now before us seeking enforcement of the now 90-day fair hearing requirement have been initiated against the director or his immediate predecessor in the Superior Courts of the eight Counties of Alameda, Contra Costa, Los Angeles, Sacramento, San Diego, Santa Cruz, Stanislaus and Tulare.[7] In Alameda, Los Angeles, Santa Cruz and Tulare Counties peremptory writs essentially identical to the one issued by the Alameda County Superior Court in *King* v. *Martin* were issued. Additionally, the Santa Cruz County Superior Court awarded conditionally $100 damages to each petitioner. In the remaining four counties, writs were refused and the applicants were generally told to obtain relief from the Alameda County Superior Court in the *King* v. *Martin* proceeding.

---

[5] This writ in relevant part reads: "YOU ARE HEREBY COMMANDED upon receipt of this writ to comply with the requirements of the State and Federal regulations that for each and every fair hearing, a final hearing decision be rendered within 60 days of the date of request for a hearing."

[6] The trial court expressed some reservations as to the propriety of a class in mandamus that includes future members. But in *King* v. *Martin, supra,* at page 794, the court said, "We note also that the case was properly presented as a class action (see *Adkins* v. *Leach* (1971) 17 Cal.App.3d 771 [95 Cal.Rptr. 61])."

Furthermore, in *King* v. *Internat. Union etc. Engineers,* 114 Cal.App.2d 159, 164-165 [250 P.2d 11], the court stated that judgments in class actions will be binding on all members of the class—including persons coming subsequently into the class. This rule was declared to be applicable to mandamus actions in *Dias* v. *Quitoriano,* 268 Cal.App.2d 807, 812 [74 Cal.Rptr. 358].

[7] We refer to Adams v. Swoap, Alameda Superior Court No. 442172; Liembach v. Swoap, Contra Costa Superior Court No. 138342; Hale v. Swoap, Los Angeles Superior Court No. C 71409; Hoffman v. Swoap, Sacramento Superior Court No. 236813; Langley v. Carleson, San Diego Superior Court No. 333658; Besio v. Swoap, Santa Cruz Superior Court No. 51146; Quinnett v. Swoap, Stanislaus County Superior Court No. 121736; and Herrera v. Swoap, Tulare County Superior Court No. 75343. The possibility of multiple mandamus proceedings was called to the trial court's attention before it decided to render its judgment in the Cartwright case in favor of the petitioners therein.

We regard this advice as sound. Multiplicity of enforcement proceedings on behalf of individual members of the class, afforded relief in *King* v. *Martin,* would thereby be avoided and inconsistency in enforcement prevented. These objectives of the class action device would thereby be protected. (See Code Civ. Proc., § 382; *Vasquez* v. *Superior Court,* 4 Cal. 3d 800, 810 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513].) Furthermore, the complete uniformity in the administration of the four categorical aid programs throughout the State of California, contemplated by the governing federal law (see 42 U.S.C. § 602, subd. (a); 45 C.F.R. § 205.100, subd. (c), § 205.120, subd. (a)), may be obtained only if judicial supervision of one phase of such administration is confined to one proceeding and one proceeding alone.

Code of Civil Procedure section 1097 provides that a court that has issued a peremptory writ of mandate may "make any orders necessary and proper for the complete enforcement of the writ." The Alameda County Superior Court therefore has continuing jurisdiction to enforce its writ on behalf of any and all members of the class of *King* v. *Martin* (including the 96 petitioners before us).

A writ of mandate should not issue if there is a plain, speedy, and adequate remedy in the ordinary course of law. (See Code Civ. Proc., § 1086; *Phelan* v. *Superior Court,* 35 Cal.2d 363, 366 [217 P.2d 951]; *Irvine* v. *Gibson,* 19 Cal.2d 14, 15-16 [118 P.2d 812].) We think that in these two cases both groups of petitioners have always had such a remedy. As members of the class of *King* v. *Martin* they could have moved the Alameda County Superior Court in that case for relief in the nature of sanctions for contempt pursuant to the just-quoted portion of section 1097. (See *Carroll* v. *Civil Service Commission,* 11 Cal.App.3d 727, 733 [90 Cal.Rptr. 128].) No particular hardship to these petitioners would be involved in this course of action as the necessary affidavits to establish their membership in the class could be prepared in Los Angeles County for filing in Alameda County. Personal appearances by them in the Alameda County Superior Court would not be necessary. In view of the existence of this plain, speedy, and adequate remedy, the Los Angeles County Superior Court should have declined in these two cases to direct the issuance of the peremptory writs of mandate petitioners sought (see 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 98, p. 3873; *Tomlinson* v. *Lampton,* 18 Cal.App.2d 671, 672 [64 P.2d 443, 66 P.2d 151])—particularly since the writs that would have been forthcoming in these two cases would have granted to petitioners nothing that they did not already possess once they appropriately established in *King* v. *Martin* their membership in its class.

On remand of these cases to the Superior Court of Los Angeles County, we suggest that that court initiate the appropriate coordination proceedings now available in multi-county litigation under Code of Civil Procedure section 404 et seq., and California Rules of Court, rule 1501 et seq.

The judgments in both cases are reversed. In the interests of justice, pursuant to rule 26, subdivision (a), of the California Rules of Court, each party shall bear his own costs on appeal.

Allport, J., and Potter, J., concurred.

The petition of the plaintiffs and appellants for a hearing by the Supreme Court was denied September 5, 1974.