[Civ. No. 36594. First Dist., Div. Four. Dec. 11, 1975.]

PEARLIE TAYLOR et al., Plaintiffs and Respondents, v.
JACK McKAY, as Director, etc., Defendant and Appellant.

## COUNSEL

Richard J. Moore, County Counsel, and Lorenzo E. Chambliss, Deputy County Counsel, for Defendant and Appellant.

Clifford Sweet, Stephen Kostka, Eric P. Gold and Sally J. Laidlaw for Plaintiffs and Respondents.

## OPINION

**CALDECOTT, P. J.**—Respondents Pearlie Taylor, Rosario Schuler and Rosie Stephens[1] filed a petition in the superior court for writ of mandate

---

[1]By the time of the proceedings in the court below, appellant had complied with the administrative hearing decision as to respondent Stephens. The court therefore made no

on behalf of themselves and "all persons in Alameda County applying for or receiving welfare benefits." Repondents sought to compel the appellant, Director of the Alameda County Human Resources Agency, to comply immediately with "fair hearing" decisions of the Department of Benefit Payments of the State of California (hereafter DBP).

The matter was heard on September 17, 1974. Judgment was entered on November 12, 1974, granting the peremptory writ, and reserving jurisdiction to award attorneys' fees. Findings of fact and conclusions of law were made and filed. A peremptory writ was issued, ordering appellant to "[c]omply with the fair hearing decisions of the Director of the Department of Benefit Payments unless and until such decisions are set aside by the Director or the Court." The appeal is from the judgment granting the peremptory writ.

The facts are not in dispute. Respondents Taylor and Schuler were receiving aid to families with dependent children (hereafter AFDC) benefits in the fall of 1973. They received notices from the Human Resources Agency of the County of Alameda (hereafter HRA) stating that these benefits were to be discontinued. Both requested an administrative review ("fair hearing") pursuant to Welfare and Institutions Code sections 10950-10965.[2] As neither of these requests was made within 10 days of receiving the notice of termination, the AFDC benefits were discontinued pending the hearing.

The administrative hearings were held before a referee (§ 10953). The referee's proposed decision in each case (§ 10958) ordered retroactive reinstatement of benefits to the date of termination, based upon a finding that the discontinuances had been improper.[3] These decisions were adopted by the director of DBP. (§ 10959.) HRA made a timely request for rehearing in each case (§ 10960), and the requests were granted. As of the time of the action below, a rehearing had not been held in Taylor's case; Schuler's rehearing had been held, but no decision had been rendered. HRA had not complied with the fair hearing decisions in either case.

findings with respect to her, and limited the class herein to persons in the circumstances of respondents Taylor and Schuler.

[2] All code sections refer to Welfare and Institutions Code unless otherwise noted.

[3] Respondent Taylor's claim was denied in part, due to an overpayment in an earlier month.

The court below interpreted sections 10961 and 10963 as mandating immediate county compliance with the state director's fair hearing decisions pursuant to section 10960, regardless of whether the county had requested a review of the decision by rehearing or whether such request had been granted. The court found that such implementation was required unless and until the decisions were set aside by the director or the court.

I

■ The issue presented by this appeal is whether a county welfare department is required to immediately implement an adverse administrative "fair hearing" decision when the department has requested and been granted a rehearing.

Welfare and Institutions Code sections 10950-10965 provide the mechanism and procedures for administrative hearings to review "any action of the county department [of public social services] relating to . . . application for a receipt of aid or services . . . ." (§ 10950.) Hearings are held before a referee (§ 10953), who prepares a proposed decision for submission to the chief referee of the department and thereafter to the state director of DBP. (§ 10958.)

The sections dealing with the director's decision are, in relevant part, as follows:

"§ 10959. Within 30 days after receiving a copy of the referee's proposed decision, *the director may adopt the decision in its entirety; decide the matter himself on the record, including the transcript, with or without taking additional evidence; or order a rehearing* to be conducted by himself, the administrative adviser of the department or another referee in behalf of the director. *If the director decides the matter, a copy of his decision shall be served on the applicant or recipient and on the affected county,* and, if his decision differs materially from the proposed decision of the referee, a copy of that proposed decision shall also be served on the applicant or recipient and on the affected county. If a rehearing is ordered, it shall be conducted in the same manner and within the same time limits specified for the original hearing." (Italics added.)

"§ 10960. *Within 30 days after receiving the proposed decision of a referee adopted by the director or a decision issued by the director himself,*

*the affected county or applicant or recipient may file a request with the director for a rehearing.* The director shall immediately serve a copy of the request on the other party to the hearing and such other party may within five days of the service file with the director a written statement supporting or objecting to the request. *The director shall grant or deny the request* no earlier than the fifth nor later than the 15th working day after the receipt of the request. If the director grants the request, the rehearing shall be conducted in the same manner and subject to the same time limits as the original hearing. If action is not taken by the director within the time allowed, the request shall be deemed denied." (Italics added.)

"§ 10961. The decision of the director need not specify the amount of the award to be paid unless the amount of the award is an issue. *If the decision is in favor of the applicant or recipient, the county department shall pay to the applicant or recipient, without the necessity of establishing his present need, the amount of aid he is entitled to receive pursuant to the director's decision, payment to commence as of the date the person was first entitled thereto,* or grant to him the services to which the director finds he is entitled." (Italics added.)

"§ 10962. The applicant or recipient or the affected county, within one year after receiving notice of the director's *final decision,* may file a petition with the superior court, under the provisions of Section 1094.5 of the Code of Civil Procedure, praying for a review of the entire proceedings in the matter, upon questions of law involved in the case. Such review, if granted, shall be the exclusive remedy available to the applicant or recipient or county for review of the director's decision. . . ." (Italics added.)

"§ 10963. *The county director shall comply with and execute every decision of the director* rendered pursuant to this chapter." (Italics added.)

Appellant's primary contention on appeal is that the court below improperly interpreted sections 10961 and 10963 as mandating immediate compliance with fair hearing decisions adverse to county welfare departments, regardless of whether a rehearing has been requested and granted pursuant to section 10960. Appellant asserts that the issue is at what point in the director's proceedings does a decision become *effective* for implementation purposes. He argues that the fair hearing decision is not "final," and that the statutes compel the conclusion that the decision "does not take effect until the 30-day period to request a rehearing

[§ 10960] has expired." Appellant claims that if the director grants a rehearing, the initial decision never takes effect and is superseded by the decision adopted following the rehearing.

■ Questions relating to matters of statutory interpretation are matters of law for the court. (*Hall* v. *City of Taft*, 47 Cal.2d 177, 188 [302 P.2d 574]; *Golden* v. *City of Oakland*, 49 Cal.App.3d 284, 287 [122 Cal.Rptr. 400].) The cardinal principle of statutory construction is that the court should ascertain the intent of the Legislature so as to effect the purpose of the law. (*East Bay Garbage Co.* v. *Washington Township Sanitation Co.*, 52 Cal.2d 708, 713 [344 P.2d 289]; *California Sch. Employees Assn.* v. *Jefferson Elementary Sch. Dist.*, 45 Cal.App.3d 683, 691 [119 Cal.Rptr. 668]; Code Civ. Proc., § 1859.) ■ The statute should be construed with due regard to the ordinary meaning of the language used and in harmony with the whole system of law of which it is a part. (*Anaheim Union Water Co.* v. *Franchise Tax Bd.*, 26 Cal.App.3d 95, 106 [102 Cal.Rptr. 692].) Words and phrases in a statute should, unless otherwise clearly indicated, be given their usual and commonly understood meaning. (*County of Los Angeles* v. *Frisbie*, 19 Cal.2d 634, 642 [122 P.2d 526]; *Wilson* v. *San Francisco Mun. Ry.*, 29 Cal.App.3d 870, 878 [105 Cal.Rptr. 855]; Civ. Code, § 13.)

■ Welfare and Institutions Code section 11000 states that "provisions of law relating to a public assistance program shall be liberally construed to effect the stated objects and purposes of the program." These purposes include prompt and humane administration of aid (§ 10000), "timely and appropriate" services (§ 10001), and prompt administration of assistance "with due consideration for the needs of applicants and the safeguarding of public funds." (§ 11004.) This legislative desire to provide prompt, timely benefits to those who are eligible applies to all parts of division 9 of the Welfare and Institutions Code, including the fair hearing process. (*Henderling* v. *Carleson*, 36 Cal.App.3d 561, 565 [111 Cal.Rptr. 612].)

■ Appellant's argument as to a delayed "effective" time of the decision finds no support in the statutory framework of the fair hearing process; there is nothing to indicate that the "effective" time is any other than the time at which the fair hearing decision is rendered.[4]

---

[4]In this regard, appellant's attempted analogy to the provisions of the Administrative Procedure Act (Gov. Code, §§ 11500-11528) is inapt, as that statutory scheme *expressly provides* for a delayed date of effectiveness. (Gov. Code, § 11519, subd. (a).) The fact that a provision in a statute on a given subject is omitted from another statute relating to a

The language of sections 10961 and 10963 is clear. Under the latter section, county compliance with *every decision* of the director is mandated. Under the former, the county *shall* pay to the applicant or recipient the amount to which he is entitled pursuant to the *director's decision.* Of course, whether "shall" renders a statute mandatory depends on the intention of the Legislature. (*Newton* v. *Superior Court,* 16 Cal.App.3d 499, 506 [94 Cal.Rptr. 120]; *People* v. *Superior Court,* 3 Cal.App.3d 476, 486 [83 Cal.Rptr. 771].) The fair hearing statutes indicate an intent and purpose, in view of the overall objectives of the public social services programs, for mandatory prompt compliance with the director's initial fair hearing decision.

■ Appellant urges upon this court the finding by the trial court that the county can expect to recover only a small portion of aid paid pursuant to the fair hearing decision if it prevails on the rehearing. The response of the court in *Webb* v. *Swoap,* 40 Cal.App.3d 191 [114 Cal.Rptr. 897], is applicable to this situation: in the absence of a statute expressly establishing repayment liability, aid lawfully paid out cannot be recouped in any event. (Cf. *Ogdon* v. *Workmen's Comp. Appeals Bd.,* 11 Cal.3d 192 [113 Cal.Rptr. 206, 520 P.2d 1022].) This is a matter for legislative solution by statute.[5] Contrary to appellant's assertion, such a holding does not render the rehearing provisions meaningless. Fair hearing decisions relate to continuing entitlement to aid; if the county prevails at a rehearing, then it will immediately discontinue assistance unless and until a further reversal is obtained by the claimant through judicial review under section 10962.

Appellant's attempt to read "final" decision into the language of sections 10961 and 10963 must also be rejected. Comparison with section 10962 indicates that the Legislature intended a difference in meaning between that section and the other two, as it expressly used the words "final decision" in providing for judicial review. ■ Courts should not read into statutes qualifications or modifications that will materially affect their operation so as to conform to a supposed intention not

---

similar subject is indicative of a different intention on the part of the Legislature. (*City of Port Hueneme* v. *City of Oxnard,* 52 Cal.2d 385, 395 [341 P.2d 318].)

[5]The same result—unrecoverable loss of funds—would occur should the recipient be victorious in both the fair hearing and the rehearing, yet lose in a judicial review pursuant to section 10962. Even appellant recognized the unreasonableness of a construction which would allow the county to delay compliance until the conclusion of the one-year period specified in section 10962, yet appellant admits that this is the logical extension of its argument.

expressed by the Legislature. (*Ogle* v. *Heim,* 69 Cal.2d 7, 9 [69 Cal.Rptr. 579, 442 P.2d 659]; *People* v. *Pacific Guano Co.,* 55 Cal.App.2d 845, 849 [132 P.2d 254]; Code Civ. Proc., § 1858.) The plain language of sections 10961 and 10963 will not allow the interpretation urged by appellant. Appellant points to no statutory or historical suggestion that "director's decision," as used in those sections, was intended to mean anything other than the "decision" referred to in section 10959.

One final point should be observed. It is well established that contemporaneous administrative construction of a statute by those charged with its enforcement, while not controlling, is entitled to great weight. (*City of Los Angeles* v. *Rancho Homes, Inc.,* 40 Cal.2d 764, 770 [256 P.2d 305]; *Coca-Cola Co.* v. *State Bd. of Equalization,* 25 Cal.2d 918, 921 [156 P.2d 1]; *People* v. *Mancha,* 39 Cal.App.3d 703, 714 [114 Cal.Rptr. 392].)

Under section 10553, subdivision (d) the director of DBP is authorized to: "Formulate, adopt, amend or repeal regulations and general policies affecting the purposes, responsibilities, and jurisdiction of the department and which are consistent with law and necessary for the administration of public social services." These regulations and policies are set out in a manual of policies and procedures for the guidance of state and local welfare officials. (*King* v. *Martin,* 21 Cal.App.3d 791, 794 [98 Cal.Rptr. 711].) Until March 7, 1975, DBP Manual of Policies and Procedures section 22-027.1 read as follows: "Immediately upon receipt of notice of the [fair hearing] decision . . . the county shall comply with the decision and shall notify the Office of the Chief Referee by completing a compliance form issued by the State Department of Social Welfare, *or shall request a rehearing.*" (Italics added.)

On June 24, 1974, the DBP sent a letter to all county welfare directors, stating that: "It is the position and practice of DBP, pursuant to Welfare and Institutions Code §§ 10961 and 10963, to require every county welfare department, upon receipt of any fair hearing decision of the Director of DBP, to immediately implement such decision.

"The decision must be implemented even where a request for a rehearing is made by the county after receipt of the adopted fair hearing decision. The county welfare department must grant or deny assistance as ordered in the fair hearing decision unless and until that decision is modified by a decision after rehearing.

"Any assistance payments made pursuant to an adopted fair hearing decision shall be retained by the recipient even if the original fair hearing decision is modified by a decision after rehearing."

Thereafter, DBP MPP, section 22-027.1 was changed, effective March 7, 1975, to read: "Immediately upon receipt of notice of the decision (excepting decisions rendered in appeals by an adult child liable for contributions, see Section 22-027.3), the county shall comply with the decision and shall notify the Office of the Chief Referee by completing a compliance form issued by the State Department of Benefit Payments." (Cf. 45 C.F.R. § 205.10(a)(18): "When the hearing decision is favorable to the claimant . . . the agency shall promptly make corrective payments retroactively to the date the incorrect action was taken.") The letter and alteration of the regulation indicate recognition by the state agency of the impropriety of its earlier interpretation of the statutes,[6] and are instructive in reaching the conclusion herein.

Appellant's final contention, concerning appropriateness of the use of mandamus procedure in this case, must therefore be rejected since compliance with the director's decisions is not discretionary with the county.

II

Respondent has sought, in its brief, to prove entitlement to attorneys' fees in the mandamus action below, and appellant has replied on the merits. However, no order concerning such fees is before the court at this time. The superior court, in rendering judgment below, reserved jurisdiction to award attorneys' fees. The appeal taken from the judgment entered below therefore did not encompass this issue. On appeal from the judgment, only the record prior to judgment is brought up; even if an order concerning attorneys' fees had been entered below after judgment (and there is no indication that such an order exists in this case), the order could not be reviewed in this appeal. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 81, p. 4091.) Such an order, granting or denying the requested fees, may be separately reviewed on appeal when it is entered.

---

[6]The earlier administrative construction, being erroneous and unauthorized by the applicable laws, of course was invalid and cannot prevail. (*Bekins Van Lines* v. *State Bd. of Equal.*, 62 Cal.2d 84, 91 [41 Cal.Rptr. 297, 396 P.2d 713].)

The judgment is affirmed and the trial court is directed after remittitur is filed, to hear an application for attorneys' fees *rendered on appeal* and fix the reasonable amount thereof.

Rattigan, J., and Christian, J., concurred.