[Civ. No. 15357. Fourth Dist., Div. Two. May 7, 1976.]

HELEN WESTFALL, Plaintiff and Appellant, v.
DAVID B. SWOAP, as Director, etc., Defendant and Respondent.

**COUNSEL**

Robert K. Miller and William D. Schuetz for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, Edward M. Belasco and John H. Sanders, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**TAMURA, Acting P. J.**—Petitioner appeals from a judgment denying her petition for writ of mandate to compel respondent (director) to dismiss a scheduled rehearing after the director rendered a decision in favor of petitioner on a claim for alleged overpayment of Aid to Families with Dependent Children (AFDC) benefits.

The pertinent facts are as follows:

Sometime before August 14, 1973, the Riverside County Department of Public Social Services (county) notified petitioner of its intention to discontinue payment of AFDC benefits to her and to seek recovery of alleged overpayments for the period March 1971 through October 1972. Pursuant to petitioner's written request filed August 14, 1973, a hearing

was held on February 7, 1974. Since petitioner had theretofore resigned from the program, the only matter considered at the hearing was the claim for overpayments. The referee rendered a proposed decision in favor of petitioner and the proposed decision was adopted by the director on May 14, 1974.

On May 30, 1974, the county requested a rehearing. The request was granted and a rehearing was scheduled for August 12, 1974, but upon petitioner's request it was continued to September 17, 1974. In the interim petitioner filed the instant mandate proceeding. Following a hearing on the petition and answer, the court made findings and conclusions and entered judgment denying the petition.

For reasons to be stated, we have concluded that the judgment should be affirmed.

 The United States Department of Health, Education and Welfare (HEW) has promulgated regulations prescribing standards for hearing procedures to be observed by state welfare agencies in the administration of the various federally assisted programs under the Social Security Act. (45 C.F.R. § 205.10.[1]) The specific regulation upon which petitioner relies in this appeal provides: "Prompt, definitive, and final administrative action shall be taken within 90 days from the date of the request for a hearing." (45 C.F.R. § 205.10(a)(16).)

 Petitioner does not contend that the federal regulations proscribe any rehearing after an initial fair hearing decision has been made; her sole contention is that no rehearing may be held after 90 days have elapsed from the date of her request for a hearing. The contention rests on two assumptions: (1) The term "final administrative action" as used in the federal regulation includes the completion of any rehearing authorized under state law and (2) the 90-day period is jurisdictional. Neither assumption is correct.

 The prime objective in interpreting a statute is to ascertain the intention of the enacting body so as to effectuate the purpose of the law. (*Philbrook* v. *Glodgett*, 421 U.S. 707 [44 L.Ed.2d 525, 95 S.Ct. 1893,

---

[1]As a condition of continued receipt of federal funds, states participating in federally assisted programs under the Social Security Act must, of course, conform to federal regulations. (*Rosado* v. *Wyman*, 397 U.S. 397, 407, fn. 9, 408 [25 L.Ed.2d 442, 452, 453-454, 90 S.Ct. 1207]; *King* v. *Smith*, 392 U.S. 309, 316-317 [20 L.Ed.2d 1118, 1125-1126, 88 S.Ct. 2128].)

1898]; *Bravo* v. *Cabell,* 11 Cal.3d 834, 838 [114 Cal.Rptr. 618, 523 P.2d 658]; *Moyer* v. *Workmen's Comp. Appeals Bd.,* 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) ■ Generally the same rules of construction applicable to statutes govern the interpretation of rules and regulations of administrative bodies. (*Cal. Drive-In Restaurant Assn.* v. *Clark,* 22 Cal.2d 287, 292 [140 P.2d 657, 147 A.L.R. 1028]; *Intoximeters, Inc.* v. *Younger,* 53 Cal.App.3d 262, 270 [125 Cal.Rptr. 864]. See *Miller* v. *United States,* 294 U.S. 435, 438-439 [79 L.Ed. 977, 980-981, 55 S.Ct. 440, 442].) ■ It is also a familiar principle that courts respect the interpretation given a statute by the agency charged with its administration and when the construction of an administrative regulation is in issue, the administrative construction is accorded even greater deference. (*Udall* v. *Tallman,* 380 U.S. 1, 16 [13 L.Ed.2d 616, 625, 85 S.Ct. 792]; *Brubaker* v. *Morton,* 500 F.2d 200, 202.)

With the foregoing principles in mind, we turn to the federal regulation in question. ■ The purpose of the 90-day regulation is to assure that a person who qualifies for assistance or for an increase in the amount of benefits receives his entitlement promptly. The 90-day rule is designed to make the administrative hearing meaningful to needy persons for whom delay will mean great hardship. (*King* v. *Martin,* 21 Cal.App.3d 791, 795 [98 Cal.Rptr. 711]; *Nelson* v. *Sugarman,* 361 F.Supp. 1132, 1137.)

The California Legislature has established a fair hearing procedure which includes a provision authorizing the director to grant a rehearing to a party dissatisfied with a fair hearing decision. (Welf. & Inst. Code, § 10950 et seq.[2]) In addition, pursuant to his authority to adopt regulations governing the administration of federally assisted programs under the Social Security Act (Welf. & Inst. Code, § 10553, subd. (d)), the director has adopted and published a Manual of Policies and Procedures (MPP)

---

[2]Welfare and Institutions Code section 10960 authorizing rehearings provides: "Within 30 days after receiving the proposed decision of a referee adopted by the director or a decision issued by the director himself, the affected county or applicant or recipient may file a request with the director for a rehearing. The director shall immediately serve a copy of the request on the other party to the hearing and such other party may within five days of the service file with the director a written statement supporting or objecting to the request. The director shall grant or deny the request no earlier than the fifth nor later than the 15th working day after the receipt of the request. If the director grants the request, the rehearing shall be conducted in the same manner and subject to the same time limits as the original hearing. If action is not taken by the director within the time allowed, the request shall be deemed denied."

which includes regulations pertaining to fair hearings. The regulations require all "fair hearing matters" to be disposed of by "fair hearing decision" within 90 days from the request for a "fair hearing" (MPP § 22-056[3]), command immediate implementation of fair hearing decisions (MPP 22-027[4]), and provide a procedure for rehearings (MPP 22-065).[5]

---

[3]MPP section 22-056 provides:

"All fair hearing matters will be set for hearing, heard, and disposed of by fair hearing decision within 90 days from the date of the request for fair hearing or, if the claimant has been provided a preliminary hearing, 90 days from the date of the preliminary hearing decision on the matter, except in those cases where the claimant withdraws or abandons his request for hearing, or the matter is continued for good cause. The overall time limits shall be extended only for the period of the continuance."

[4]MPP section 22-027 provides:

"1. Immediately upon receipt of notice of the decision (excepting decisions rendered in appeals by an adult child liable for contributions—see Section 22-027.3), the county shall comply with the decision and shall notify the Office of the Chief Referee by completing a compliance form issued by the State Department of Social Welfare or shall request a rehearing. If the decision is in favor of the claimant on the issue involved, but aid has not been paid by the county, the notice to the State shall include a complete statement of the new issues which resulted in further denial of aid. Such statement shall be prepared in the same form and fashion as the Basis of Action letter.

"2. The office of the Chief Referee shall review the compliance statement to assure that the county has correctly complied with the decision.

"3. Within 30 days after the mailing to the county welfare department and the adult child, of the decision in cases involving an adult child liable for contributions to a parent, and in the event the adult child has not complied with the decision, the county welfare department shall initiate, through the appropriate county officer or agency, the legal action that is necessary in order that the adult child shall comply with the decision within a reasonable period of time."

[5]MPP section 22-065 provides:

"1. A request for rehearing must be filed in writing with the Office of the Chief Referee within 30 days after the affected county or the recipient receives the proposed decision of the referee adopted by the Director or a decision issued by the Director himself and must contain a statement or reasons therefor.

"2. If the request for rehearing is to permit presentation of additional evidence, the request shall:

".21 Describe the additional evidence;

".22 Show why it was not previously introduced;

".23 Explain its materiality.

"3. The Director shall grant or deny the request within 15 working days after it is filed with the Chief Referee.

"4. If a request for a rehearing is granted, the Director may:

".41 Order reconsideration of the decision on the basis of the evidence in the record;

".42 Order the taking of additional evidence;

".43 Order an entire new hearing.

"5. A decision issued upon a rehearing shall not be subject to further hearing.

"6. When a request for rehearing is denied, the notice of denial shall contain a statement concerning the right to judicial review, and shall advise the client that, if the court decides the case in his favor, he will be entitled to reasonable attorney's fees and the cost of suit."

■ California's statutory hearing procedure as implemented by the director's regulations makes it mandatory that the director's decision be rendered within 90 days of the request for the fair hearing (*King* v. *Martin, supra,* 21 Cal.App.3d 791, 795), and requires immediate implementation of the decision notwithstanding the fact that a local welfare agency may have been granted a rehearing. (*Taylor* v. *McKay,* 53 Cal.App.3d 644, 650-652 [126 Cal.Rptr. 204].) Thus, the granting of a local welfare agency's request for a rehearing will not postpone the payment of benefits to a qualified recipient. California's rehearing procedure thus does not conflict with the purpose of the 90-day rule.

■ Petitioner nevertheless urges that the phrase "final administrative action" as used in the federal regulation must be construed to include any rehearing authorized by state law. We are satisfied that it was not intended to be given that meaning. ■ Applicable here is the familiar rule of statutory interpretation " 'that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit nor within the intention of its makers.' " (*Philbrook* v. *Glodgett, supra,* 95 S.Ct. 1893, 1898, quoting from *Church of the Holy Trinity* v. *United States,* 143 U.S. 457, 459 [36 L.Ed. 226, 228, 12 S.Ct. 511, 512].) ■ Although an administrative rehearing is literally a part of the administrative process, to interpret the phrase "final administrative action" as including the completion of a state authorized rehearing procedure would neither further the purpose of the regulation nor comport with the intention of its promulgator.

HEW has stated that " 'it has always been the Department's position that the words ["final administrative action" utilized in 45 C.F.R. § 205.10(a)(11)[6]] refer to the mailing of the check or increased check, or to the notification of denial of assistance or increased assistance, as the case may be.' " (*Nelson* v. *Sugarman, supra,* 361 F.Supp. 1132, 1137, quoting from HEW's amicus brief in that case.) ■ An administrative construction of an agency's own regulation is "of controlling weight unless it is plainly erroneous or inconsistent with the regulation." (*Udall* v. *Tallman, supra,* 380 U.S. 1, 16 [85 S.Ct. 792].) ■ The California fair hearing procedure as implemented by the director's regulations and as interpreted by our courts is in conformity with HEW's interpretation of its 90-day regulation. Under California hearing procedures, the director has a mandatory duty to render his decision within 90 days. If the decision is in favor of a claimant, the decision must be implemented

---

[6]Since renumbered section 205.10(a)(16).

forthwith by the payment of benefits and if the decision is adverse, the claimant is promptly notified through a copy of the decision of the denial of benefits. These steps constitute "final administrative action" according to the construction given that phrase by HEW.

Furthermore, the policy sought to be furthered by the 90-day rule would be thwarted rather than promoted if the federal regulation were interpreted to foreclose a rehearing after the expiration of 90 days from the initial request for a hearing. Such an interpretation would preclude the director from granting a rehearing to a claimant who may have been erroneously denied benefits by a fair hearing decision. The claimant's only legal recourse after the expiration of the 90 days would be to seek judicial review of the director's decision. (Welf. & Inst. Code, § 10962.) The necessity of seeking judicial relief would undoubtedly deter many applicants from pursuing their claims. Even when such relief is sought, the time required to obtain a judicial determination would in all likelihood involve far greater delay and hardship to the claimant than the pursuit of an administrative rehearing.[7]

Finally, as a practical matter, it would be unreasonable to construe the federal regulation as contemplating completion of a rehearing within 90 days. The regulation originally allowed only 60 days within which to take "final administrative action." However, because states were unable to complete the fair hearing process within that period, it was extended to the present 90 days. Allowing reasonable time for the fair hearing process, a request for a rehearing, notice of the rehearing, the rehearing, and the rendition of a decision thereon, it would be unreasonable to require the rehearing process to be completed within 90 days from the date of the initial request for a hearing. We are satisfied that HEW did not so intend.

■ For the foregoing reasons we conclude that the scheduled rehearing in the case at bench is not violative of the federal 90-day regulation.

■ While the foregoing is dispositive of this appeal, we add one final comment. Petitioner is not seeking an expeditious disposition of the

---

[7]Petitioner's assertion that if rehearings are permitted after 90 days "there would be nothing to stop the welfare department from again and again requesting rehearings as they continue to lose" is incorrect. The director's regulations specifically provide: "A decision issued upon a rehearing shall not be subject to further hearing." (MPP § 22-065.5.)

rehearing; she is seeking a dismissal of the proceeding on the assumption that the 90-day period is jurisdictional. Even if the 90-day period were applicable, it would not follow that the director lacked jurisdiction to conduct the rehearing. Expiration of the 90-day period does not deprive the director of jurisdiction to take otherwise proper action. (Cf. *Henderling* v. *Carleson,* 36 Cal.App.3d 561, 566 [111 Cal.Rptr. 612].) The 90-day rule mandates prompt administrative action but does not foreclose late administrative action. The remedy for a violation of the regulation is a petition for writ of mandate to compel the director to take timely action (see *King* v. *Martin, supra,* 21 Cal.App.3d 791), not to terminate the administrative process altogether.

The judgment is affirmed.

Kaufman, J., and McDaniel, J., concurred.