[Civ. No. 18071. Third Dist. May 30, 1979.]

ERMA YOUNG, Plaintiff and Appellant, v.
STATE BOARD OF CONTROL et al., Defendants and Respondents.

638

## COUNSEL

Turner & Sullivan and Thomas D. Walker for Plaintiff and Appellant.

George Deukmejian, Attorney General, and Carol Hunter, Deputy Attorney General, for Defendants and Respondents.

## OPINION

**EVANS, J.—** ■■■ This is an appeal by plaintiff, Erma Young, an employee of the State of California (State), from an order denying her request for a peremptory writ of mandate seeking to annul the effect of

■■■

California Administrative Code, title 2, section 102 (hereafter SPB rule 102), and directing that the State pay her back salary on merit and special in-grade salary adjustments according to Government Code sections 18854 and 18856, without regard to SPB rule 102.[1]

The sole issue presented for our determination is the validity of that rule (102) which provides, in pertinent part, "If the appointing authority certifies in the manner prescribed by the executive officer that the employee has met the standards . . . for the position, the employee who is not paid at the maximum step of the salary range shall receive a merit salary adjustment equivalent to one step in the salary range . . . effective on the first of the monthly pay period next following completion of:

"(a) Twelve months of qualifying service after:

"(1) appointment; or

"(2) last merit salary adjustment; or

"(3) last special in-grade salary adjustment; . . ."

Section 102 is interpretive of Government Code section 18854 which provides for merit salary increases in the following broad language: "After completion of the first year in a position, each employee shall receive a merit salary adjustment equivalent to one of such intermediate steps during each year when he meets such standards of efficiency as the board by rule shall prescribe."

The facts are not in dispute. Plaintiff was employed at the Stockton State Hospital in a classification which entitled her to a special in-grade salary adjustment (Gov. Code, § 18859; Cal. Admin. Code, tit. 2, § 102.6)[2] after six months of service. She received that adjustment

---

[1]The judgment on the pleadings in favor of the State did not pass upon the question of the propriety of the proceeding as a class action. On appeal, the question was not addressed by the parties and therefore will not be considered by the court.

[2]Government Code section 18859 and California Administrative Code, title 2, section 102.6, read in part as follows:

Section 18859: "(a) The board may authorize payment at any step above the minimum salary limit to classes or positions in order to meet recruiting problems, to obtain a person who has extraordinary qualifications, to correct salary inequities resulting from actions by the board, or to give credit for prior state service in connection with appointments, promotions, reinstatements, transfers, reallocations, or demotions. Other salary adjustments within the salary range for the class may be made upon the application of the appointing power and with the approval of the Director of Finance. Adjustments within

following six months of service and contends her first merit salary increase pursuant to Government Code section 18854 should have been received upon completion of 12 months of employment, not 12 months following the special in-grade salary adjustment. It is her contention that SPB rule 102 is an invalid impairment of the effect of Government Code section 18854. As we shall explain, we disagree.

■ When a reviewing court is called upon to consider a judgment construing a statute or administrative rule, its concern is to ascertain and give effect to the legislative intent. In doing so we are mindful that we do not conduct a totally independent review of the regulation or administrative rule. When a statute has received an administrative interpretation, it comes to the reviewing court weighted with a strong presumption of regularity accorded administrative rules and regulations. ■ Reviewed in this light, rule 102 is obviously valid and does not impair, but rather makes precise, the meaning and effect of Government Code section 18854. (See *Ralphs Grocery Co.* v. *Reimel* (1968) 69 Cal.2d 172, 175 [70 Cal.Rptr. 407, 444 P.2d 79]; *Mahdavi* v. *Fair Employment Practice Com.* (1977) 67 Cal.App.3d 326, 339 [136 Cal.Rptr. 421]; *Schenley Affiliated Brands Corp.* v. *Kirby* (1971) 21 Cal.App.3d 177, 182 [98 Cal.Rptr. 609]; *Agricultural Labor Relations Bd.* v. *Superior Court* (1976) 16 Cal.3d 392, 411 [128 Cal.Rptr. 183, 546 P.2d 687]; *Noroian* v. *Department of Administration* (1970) 11 Cal.App.3d 651, 655 [89 Cal.Rptr. 889].)

Where the administrative interpretation of a statute is clearly not erroneous, it must be accorded great respect by the courts and accordingly will be followed. It has been judicially established in construing administrative regulations that " '[T]he ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation.' " (*Immigration Service* v. *Stanisic* (1969) 395 U.S. 62, 72 [23 L.Ed.2d 101, 109, 89 S.Ct. 1519].) California courts have consistently followed this reasoning. Our Supreme Court in *Los Angeles* v. *Superior Court* (1941) 17 Cal.2d 707, at page 712 [112 P.2d 10], stated "While a course of administrative

---

the salary range authorized by this section may be either permanent or temporary and may be made retroactive to the date of application for such change."

"102.6. Special In-Grade Salary Adjustment. If the appointing authority certifies in the manner prescribed by the executive officer that the employee has met the standards of efficiency required for the position, the employee who is paid at the minimum step of the salary range in a class designated by the board may receive a special in-grade salary adjustment to the second step of the salary range effective on the first of the monthly pay period next following completion of: [¶] (a) six months of qualifying service after the appointment; . . ."

procedure, or an administrative construction of a statute, does not acquire legal sanction merely by reason of long usage, it will be accorded great respect by the courts, and will be upheld, if not clearly erroneous." (See also *Los Angeles City School Dist.* v. *Simpson* (1952) 112 Cal.App.2d 70, 75 [245 P.2d 629].)

SPB rule 102 has done no more than define in precise terms the meaning of "the first year in a position" contained in Government Code section 18854. As a reviewing court, we are constrained not to construe statutory regulations in a manner inconsistent with the opinion of those who must administer the law pursuant to which the regulation has been adopted. Where possible, we will not impose our policy judgment upon the agency in construing the various statutes and regulations. The parties to this litigation must recognize the intricate and technical nature of the various salary structures governed by the broad provisions of section 18854 and the need for precise definition for administration purposes. Those needs require the expertise and full technical knowledge available from the administrative agency. It would be presumptuous for a court to claim such skill. It will not, therefore, superimpose its own policy judgment upon the agency in the absence of an arbitrary or capricious decision. (See *Pitts* v. *Perluss* (1962) 58 Cal.2d 824, 832 [27 Cal.Rptr. 19, 377 P.2d 83].)

The argument presented on behalf of plaintiff would effectively deny recognition of those well-established rules of statutory interpretation.

SPB rule 102 constitutes a valid administrative determination that "the first year in a position" means either 12 months after initially qualifying without receiving a special in-grade salary adjustment or after the last merit salary adjustment received, or after the last special in-grade salary adjustment.

We find SPB rule 102 to be a compatible and proper interpretation of Government Code section 18854. (*Westfall* v. *Swoap* (1976) 58 Cal.App.3d 109 [129 Cal.Rptr. 750].)

The judgment is affirmed.

Janes, Acting P. J., and Paras, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 26, 1979. Bird, C. J., did not participate therein.