Filed 4/20/22 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re H.N., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B313698 (Super. Ct. No. YJ40388) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>H.N.,<br><br>    Defendant and Appellant. | ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on March 29, 2022, be modified as follows:

1.  On page 9, first sentence in the first full paragraph, the words "or misdemeanants, depending upon the gravity of the offense" are added so the sentence now reads:  "Adults who commit this crime may be classified as felons or misdemeanants, depending upon the gravity of the offense."

2.. On page 9, second sentence in the first full paragraph, the words "But that" are replaced with "The felony," so the sentence now reads:  "The felony classification would not necessarily be appropriate in all cases involving a child ward."

There is no change in judgment.

| | | |
|---|---|---|
| Gilbert, P.J. | Perren, J. | Tangeman, J. |

Filed 3/29/22 (unmodified opinion)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re H.N., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B313698 (Super. Ct. No. YJ40388) (Los Angeles County) |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> H.N., <br><br> Defendant and Appellant. | |

By passing Proposition 83 ("Jessica's Law"), did the voters intend to continue to classify the crime of possession of child pornography as a "wobbler" so that juvenile courts could continue to declare it as either a felony or a misdemeanor? We conclude they did.

H.N., a minor, appeals an order of the juvenile court sustaining a Welfare and Institutions Code section 602 petition with a finding that he possessed child pornography. (Pen. Code, § 311.11, subd. (a).) We conclude, among other things, that the juvenile court erred by not making an express finding per

Welfare and Institutions Code section 702 whether the Penal Code section 311.11, subdivision (a) offense was a felony or a misdemeanor. We strike the court's maximum term of confinement finding because H.N. was placed on home probation. We remand to the juvenile court to make a finding whether the offense is a felony or a misdemeanor, but otherwise affirm.

FACTS

H.K. testified that she had a "friendship" relationship with H.N. In October 2019, H.N. came over to her house. H.K. was 15 years old. H.N. was also 15 years old. H.N. and H.K. had "consensual" sexual "intercourse."

H.N. videotaped this sexual encounter without H.K.'s knowledge or consent.

The People filed a Welfare and Institutions Code section 602 petition alleging H.N. had violated "PENAL CODE [section] 311.11(a), a *Felony*." (Italics added.) The juvenile court sustained the petition and found H.N. possessed child pornography. The court placed H.N. on home probation. It found a maximum term of confinement to be three years.

DISCUSSION

*Welfare and Institutions Code Section 702 Finding*

H.N. contends the juvenile court erred by not making a required Welfare and Institutions Code section 702 finding whether the Penal Code section 311.11, subdivision (a) offense was a felony or a misdemeanor.

The People contend a Welfare and Institutions Code section 702 finding was not required because the possession of child pornography offense is a felony, not a wobbler or a misdemeanor.

Welfare and Institutions Code section 702 provides, in relevant part, "If the minor is found to have committed an offense

2

which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." A Welfare and Institutions Code section 702 finding is mandatory where the offense is a wobbler, and, in appropriate cases, a remand may be required for the juvenile court to make the finding. (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1209.)

*Penal Code Section 311.11, Subdivision (a)*[1]

Section 311.11, subdivision (a) provides, in relevant part, "Every person who knowingly possesses or controls any matter . . . that contains or incorporates in any manner, any film or filmstrip, the production of which involves the use of a person under 18 years of age, knowing that the matter depicts a person under 18 years of age personally engaging in or simulating sexual conduct . . . *is guilty of a felony* and shall be punished by imprisonment in the state prison, *or a county jail for up to one year*, *or by a fine* not exceeding two thousand five hundred dollars ($2,500), or by both the fine and imprisonment." (Italics added.)

The juvenile court sustained the petition. It neglected to declare the section 311.11 offense to be a felony or a misdemeanor.

H.N. notes the current statute was an amendment of a prior 2006 statute which was a wobbler, allowing the crime to be sentenced as a felony or a misdemeanor. (§ 311.11.) The prior law listed the punishment as either a state prison term or a county jail term of one year. He claims the current statute "retained a county jail term of one year" that "strongly suggests"

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

3

an intent "to make the section 311.11, subdivision (a) offense a wobbler." We agree.

When an offense is punishable by either a state prison or county jail term, it is normally considered a "wobbler," meaning that it can be either a felony or a misdemeanor. (*In re Grant* (2014) 58 Cal.4th 469, 475, fn. 3.) Section 311.11 contains the alternative sentencing language of a wobbler. In *Grant*, the court did not decide whether this offense was a wobbler because Grant, an adult, pled guilty to a felony. But in dicta it said there appeared to be a "potential anomaly" because the Legislature designated this offense "only as a felony" when it also maintained the alternative sentencing language in the statute. (*Grant*, at p. 475, fn. 3.)

In *People v. Westerfield* (2019) 6 Cal.5th 632, 683, footnote 6, our Supreme Court said the 2006 version of section 311.11 was a wobbler. The People note the court also said the current 2007 version of this statute designates this offense "a felony." (*Westerfield*, p. 683, fn. 6.) But the People's reliance is misplaced. In *Westerfield*, the court made this brief reference in a footnote. The defendant was convicted under the former version of this statute. The court was not asked to decide, nor did it decide, whether the current statutory offense could also be interpreted to be a wobbler. We "do not treat cases" as "authority" for positions not considered on appeal. (*People v. Fontenot* (2019) 8 Cal.5th 57, 73.)

The People highlight a phrase in section 311.11 mentioning "felony" and claim it is dispositive. We do not view that phrase in isolation. (*People v. Nelson* (2011) 200 Cal.App.4th 1083, 1098.) We view the entire language of the statute in context. (*Ibid*.) The label placed on a crime may not be dispositive because a

4

crime may be a wobbler based on "the punishment prescribed." (*People v. Park* (2013) 56 Cal.4th 782, 789.)

The Legislature added the phrase "is guilty of a felony" to the current 2007 version of section 311.11 after the voters passed Proposition 83. (Stats. 2007, ch. 579, § 38.) But it also included the alternative sentencing language of the prior 2006 statute.

It is reasonable to conclude the lawmakers and the electorate: 1) intended to maintain the wobbler status of this offense, and 2) intended "the characterization of the crime" would be "dependent upon the actual punishment imposed." (*People v. Terry* (1996) 47 Cal.App.4th 329, 332.)

Because the amendment of section 311.11 occurred due to the passage of Proposition 83 (the Sexual Predator Punishment and Control Act), we apply the following rules: 1) " 'When interpreting statutory provisions enacted by voter initiative or legislative action, our primary purpose is to ascertain and effectuate the intent of the enactors' " (*In re E.G.* (2016) 6 Cal.App.5th 871, 876); and 2) " '[t]o determine this intent, we consider the plain, commonsense meaning of the language used, and construe the language in the context of the overall enactment.' " (*Ibid.*) A relevant factor in determining the voters' intent is the ballot argument in favor of the proposition. (*C-Y Development Co. v. City of Redlands* (1982) 137 Cal.App.3d 926, 933.) Proponents of Proposition 83 claimed amending this statute would "*[a]llow prosecutors* to charge criminals who possess *child pornography with a felony*." (L.A. County Voter Information Guide, Gen. Elec. (Nov. 7, 2006) (hereafter "Guide") argument in favor of Prop. 83 by the Legislative Analyst, p. 46), some italics added.)

5

H.N. notes Proposition 83 only advised voters that prosecutors would be *allowed* to consider the offense as a felony. It does not state they would be *required* or mandated to do so. This is consistent with the offense remaining a wobbler. One court in dicta concluded that "[a]s a result of Proposition 83," this crime "can now be punished as a felony or misdemeanor." (*People v. Manfredi* (2008) 169 Cal.App.4th 622, 634.)

The People suggest this offense is a "straight felony" that precludes the juvenile court from entering a disposition of anything less than a felony. But a straight felony cannot be alternatively punished by a one-year county jail term and a fine. (*People v. Beebe* (1989) 216 Cal.App.3d 927, 930.) Had the Legislature and electorate intended this crime to be a straight felony, they would have included only a state prison term as the punishment. (*Ibid*.) Where the Legislature classifies the crime as a felony "without providing for alternative punishment," it is a straight felony. (*People v. Mauch* (2008) 163 Cal.App.4th 669, 674.)

But where lawmakers provide the alternative sentencing option in that statute, it provides the authority to sentence it as a misdemeanor. (*Ibid*.) In Proposition 83, voters were advised that "existing provisions" of section 311.11 that are "proposed to be deleted are printed in strike out type." (Guide, *supra*, text of proposed laws, p. 127.) But the amended portion of this offense required by the proposition did not strike out the alternative punishment of "up to one year" in a county jail. (*Id*. at p. 128.)

The People's position that violation of this statute must always be a felony assumes lawmakers and the electorate believed the offense involves such a uniform level of seriousness and culpability that all violators must be felons. But there are

6

levels of seriousness and culpability in committing this offense. The most serious violations involve people who stockpile large amounts of this material, as opposed to defendants who possess a single item, as in this case. (§ 311.11, subd. (c)(1).) There is a more egregious nature of the crime where it includes possession of images of child " 'sexual sadism' " or " 'sexual masochism,' " elements not involved here. (*Id.*, subd. (c)(2).) This shows an intent that the higher and lower levels of this offense should be treated differently in determining punishment and in deciding whether the offense, based on the facts in a given case, is a felony or a misdemeanor.

H.N. claims that even if the statute may be considered ambiguous, the rule of lenity should apply in his favor. We agree. "[W]hen a statute defining a crime or punishment is susceptible of two reasonable interpretations, the appellate court should ordinarily adopt that interpretation more favorable to the defendant." (*People v. Avery* (2002) 27 Cal.4th 49, 57.) In this case the reasonable interpretation of the statutory language is that the crime is a wobbler. (*People v. Manfredi*, *supra*, 169 Cal.App.4th at p. 634 [the "defendant is entitled to the benefit of the ambiguity in section 311.11"].)

*A Straight Felony for a Child Offender?*

But even assuming the voters had a general intent to make this crime a straight felony, the relevant question is who they wanted to target for the felony label. Proposition 83 was entitled "SEX OFFENDERS. SEXUALLY VIOLENT PREDATORS. PUNISHMENT, RESIDENCE RESTRICTIONS AND MONITORING. INITIATIVE STATUTE." (Guide, *supra*, text of Prop. 83, p. 42.) Voters were told, "Proposition 83–JESSICA'S LAW–will protect our children by keeping *child molesters in*

*prison longer*; keeping *them* away from schools and parks; and monitoring *their movements* after they are released." (*Id.*, argument in favor of Prop. 83, p. 46, italics added.)  Proposition 83 amended section 311.11 to allow prosecutors "to charge *criminals who possess child pornography with a felony*." (*Ibid.*, some italics added.)

But wards of the juvenile court are not classified as criminals (Welf. & Inst. Code, § 203) and their cases " 'are resolved by dispositions, not sentences.' " (*In re E.G.*, *supra*, 6 Cal.App.5th at p. 876.)

In Proposition 83, voters were advised that those convicted of this offense would be "guilty of a felony" because "[p]redators often use child pornography to aid in their molestation." (Guide, *supra*, text of proposed laws, p. 127.)

Voters were not asked whether a straight felony should be applied to a child who commits this offense and who is not a sexual predator or child molester.  They were not asked to reform juvenile court law.  We do not assume voters intended to cover areas that were not related "to the general object" of the proposition (*Senate of the State of Cal. v. Jones* (1999) 21 Cal.4th 1142, 1158) or were not "expressed or strongly implied" in the proposition's text.  (*Farmer's Ins. Exchange v. Superior Court* (2006) 137 Cal.App.4th 842, 858.)

The subject matter of Proposition 83 involved increased prison time for sexual predators, screening them before they are released, and monitoring them after they are released from prison.  It did not involve reforming juvenile court dispositions for child wards who possess child pornography.  We may not infer Proposition 83 was intended to change the practice of juvenile courts declaring the offense to be a misdemeanor for child wards

8

because the proposition's "voter information materials" did not "make any reference" to changing that practice.  (*People v. Valencia* (2017) 3 Cal.5th 347, 365.)

Adults who commit this crime may be classified as felons.  But that classification would not necessarily be appropriate in all cases involving a child ward.  The People have not shown the voters intended to place a minor teenager in a juvenile court proceeding in the same felony category for this offense as an adult sexual predator in criminal court.

"[T]he teenager [is] less able to evaluate the consequences of his or her conduct while at the same time he or she is much more apt to be motivated by mere emotion or peer pressure than is an adult."  (*Thompson v. Oklahoma* (1988) 487 U.S. 815, 835, plur. opn.)  Consequently, "the Court has already endorsed the proposition that *less culpability should attach to a crime committed by a juvenile than to a comparable crime committed by an adult*."  (*Ibid.*, italics added.)  The People's claim that their position falls within the words of the statute is thus not dispositive here.  " ' "[A] thing may be within the letter of the statute and yet not within the statute, because not within its spirit nor within the intention of its makers." ' "  (*Westfall v. Swoap* (1976) 58 Cal.App.3d 109, 116.)

The California Legislature has been concerned about applying adult criminal liability standards for minors because they have "the diminished culpability of youth," their brains are not fully developed, and they lack the judgment possessed by adults.  (*In re Williams* (2020) 57 Cal.App.5th 427, 434; see also *Thompson v. Oklahoma*, *supra*, 487 U.S. at p. 835.)  Lawmakers are aware that juvenile court wards are substantially different from adult court defendants and "[j]uveniles are not directly

9

charged with crimes." (*In re Hector R.* (1984) 152 Cal.App.3d 1146, 1154.) "That criminal and juvenile justice share a common value does not mean that every provision of the Penal Code designed to implement that value must be read into the Juvenile Court Law . . . ." (*Alex T. v. Superior Court* (1977) 72 Cal.App.3d 24, 30.) Unlike an adult defendant in criminal court, "[t]he dominant purpose of the Juvenile Court Law remains the welfare of the minor." (*Id.* at p. 33.)

The parties highlight what they consider to be the conflicting language of the statute. But they have not considered the application of this statutory offense when applied to adult offenders and child offenders. " 'We must harmonize "the various parts of a statutory enactment . . . ." ' " (*In re Greg F.* (2012) 55 Cal.4th 393, 406.) The "guilty of a felony" and the alternative sentencing language are in harmony with respect to the distinction between adult and child offenders. They further the purposes of both Proposition 83 and Welfare and Institutions Code section 702 by: 1) allowing adult sexual offenders, who are the target of Proposition 83, to be charged with a felony; and 2) giving juvenile courts discretion to declare the offense a misdemeanor involving certain child offenders.

The statute and the wobbler language in Proposition 83 prevent those who were not the target of Proposition 83 from automatically falling within the straight felony classification. Lawmakers and the electorate know children use the Internet to "regularly search for online pornography." (*United States v. American Library Assn.* (2003) 539 U.S. 194, 200; *Kathleen R. v. City of Livermore* (2001) 87 Cal.App.4th 684, 690.) A substantial percentage of teenagers engage in "sexting" pornographic images. But the conduct of these children is substantially different from

10

the actions of adult pedophiles, and making a distinction in the legal treatment between these two groups is necessary to prevent a miscarriage of justice. (*Thompson v. Oklahoma, supra*, 487 U.S. at p. 835; McLaughlin, *Crime and Punishment: Teen Sexting In Context* (2010) 115 Penn St. L.Rev. 135, 140, 173; Mummert, *Sexting and The Law: How Lack of Reform in California Put Teenagers in Jeopardy of Prosecution Under Child Pornography Laws Enacted to Protect Them* (2010) 38 W.St.U. L.Rev. 71, 76.)

Classifying adult offenders who possess child pornography as felons furthered the goal of the proposition by protecting children from dangerous pedophiles who view the material to stimulate their pedophilia tendencies and potential actions. But the automatic inclusion of children who view this material because of childhood curiosity into the straight felony category would not further the main goal of the proposition and could be detrimental to those children.

The Legislature and the electorate may have reasonably believed that a juvenile court should therefore have the authority to decide whether classifying the offense as a felony would not be suitable for a child who may need counseling, or in those cases where the child, due to immaturity or other youth-related reasons, possessed the material. They could reasonably have intended that in such cases the juvenile court should have the discretion to determine whether calling this a felony would be detrimental to the child's future development or would not further the purposes of juvenile court rehabilitation. (*In re E.G.*, *supra*, 6 Cal.App.5th at p. 883.) This offense should be a wobbler in those cases.

Lawmakers and the electorate knew the main goal of juvenile courts is to apply "maximum flexibility" to achieve a just

11

result based on the individual circumstances of each case for the benefit of child wards.  (*In re James R.* (2007) 153 Cal.App.4th 413, 432.)  Treating this offense as a wobbler for children enables the courts to fully exercise their authority to achieve that goal. Treating it as a straight felony limits the scope of their flexibility, impedes that goal, and is a result that was not anticipated by lawmakers and the electorate.

The juvenile court erred by not deciding whether the offense was a felony or a misdemeanor.

*Maximum Term of Confinement Finding*

The juvenile court placed H.N. "HOME ON PROBATION." But it also found H.N. "may not be held in physical confinement for a period to exceed 3-years."

The parties correctly note that the juvenile court's three-year maximum term of confinement finding must be stricken. "[W]here a juvenile court's order includes a maximum confinement term for a minor who is not removed from parental custody, the remedy is to strike the term."  (*In re A.C.* (2014) 224 Cal.App.4th 590, 592.)

12

## DISPOSITION

The maximum term of confinement finding is stricken. The case is remanded to the juvenile court for a finding whether the section 311.11 offense is a felony or a misdemeanor. If the court finds it is a misdemeanor, it shall modify the remaining disposition orders to be consistent with a misdemeanor offense. In all other respects, the order sustaining the petition is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

13

Nancy L. Newman, Judge

Superior Court County of Los Angeles

_____

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.