Filed 8/18/25  Resendiz v. Canyon Restaurant, Ltd. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ASHAEL RESENDIZ, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CANYON RESTAURANT, LTD., L.P. et al., <br><br> Defendants and Appellants. | 2d Civ. No. B342091 <br> (Super. Ct. No. 24CV00190) <br> (Santa Barbara County) |

Defendants Canyon Restaurant, Ltd., L.P.; Reunion Boat Canyon, L.P.; Reunion Santa Barbara, LLC; Reunion Dos Lagos, Inc.; and Scott McIntosh (collectively Canyon) appeal an order denying their motion to compel arbitration.  Plaintiff Ashael Resendiz filed a representative private attorney general action (PAGA) against these defendants for Labor Code violations.  (Lab. Code, § 2699.)  Because Resendiz did not bring an individual PAGA action, the trial court denied Canyon's motion to arbitrate.  We affirm.

FACTS

In 2018, Resendiz, as an employee of Canyon, signed an arbitration agreement. It provided, "Employee and Company agree to utilize binding arbitration as the sole and exclusive means to resolve all disputes that may arise out of or be related in any way to Employee's employment . . . ."

Section 4, of that agreement provides, "This binding arbitration agreement shall not be construed to allow or permit the consolidation or joinder of other claims or controversies involving any other employees, and will not proceed as a class action, collective action, *private attorney general action or any similar representative action. No arbitrator shall have the authority under this agreement to order any such class or representative action.*" (Italics added.)

In January 2024, Resendiz filed an action under Labor Code section 2699, on behalf of himself and other employees of Canyon, seeking "PAGA civil penalties." Resendiz alleged Canyon, among other things, did not pay employees minimum wages, overtime, and sick time wages.

On July 17, 2024, Resendiz filed a request for dismissal of the "non-representative or individual PAGA claim alleged in the complaint." Resendiz stated that he "intends to proceed in this action on behalf of aggrieved employees under PAGA only, and not in [his] individual capacity."

On July 24, 2024, the trial court "signed and entered an order for dismissal of the individual non-representative PAGA claims alleged by Resendiz in the complaint."

On August 7, 2024, Canyon filed a motion for an order compelling arbitration and "staying this litigation." Canyon

2.

claimed Resendiz executed an agreement to submit all employment-related disputes to binding arbitration.

Resendiz responded that because he dismissed "the individual, non-representative component of the PAGA claim alleged in the complaint, only the nonindividual components of the PAGA cause of action remain," and that cause of action is not subject to arbitration.

The trial court ruled that an "arbitration agreement purporting to waive nonindividual PAGA claims is unenforceable," citing *Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1117-1118. It found that after the dismissal, "the only claims remaining in this litigation are the nonindividual or representative claims alleged on behalf of other aggrieved employees under PAGA." The court denied the motion to arbitrate.

## DISCUSSION

"PAGA is a remedial statute intended to protect employees from employer misconduct." (*Balderas v. Fresh Start Harvesting, Inc.* (2024) 101 Cal.App.5th 533, 537.) Employees may act as private attorneys general and bring representative PAGA actions to protect the rights of other employees for wages and benefits, even if they do not seek any individual relief under PAGA for themselves. (*Id.* at pp. 536-537.) Such nonindividual or representative PAGA actions are not subject to arbitration. (*Adolph v. Uber Technologies, Inc., supra,* 14 Cal.5th at pp. 1117-1118.)

Canyon contends Resendiz's claim is arbitrable because he still brings a PAGA claim on behalf of himself. We disagree.

Resendiz initially filed this PAGA action on behalf of himself, individually, and as a representative of other employees.

But he later dismissed his individual PAGA action. As the trial court found, after that dismissal, only a representative PAGA action remained. Plaintiffs have the right to dismiss causes of action within a pleading before trial. (*Law Offices of Andrew L. Ellis v. Yang* (2009) 178 Cal.App.4th 869, 876.) The dismissal is effective upon filing and the court loses jurisdiction over the dismissed cause of action. (*Ibid*.) Here the trial court entered an order authorizing the dismissal. The trial court correctly ruled that only a PAGA representative action was before the court. (*Ibid.*; see also *Barrera v. Apple American Group LLC* (2023) 95 Cal.App.5th 63, 94.)

Section 4 of the arbitration agreement provides that a "private attorney general or any similar representative action" is not subject to arbitration. It provides, "No arbitrator *shall have the authority under this agreement to order any such class* or *representative* action." (Italics added.) The arbitration agreement thus has a "carve out" exclusion for representative PAGA claims. Canyon "does not explain how it can invoke the 'dispute' language in the Arbitration Provision when the carve out says–without qualification–that the entire Arbitration Provision 'shall [not] apply' to a representative PAGA action." (*Olabi v. Neutron Holdings, Inc*. (2020) 50 Cal.App.5th 1017, 1021-1022.)

Canyon argues Resendiz may not proceed with the representative PAGA action without first proceeding to arbitration. We disagree. In *Adolph v. Uber Technologies, Inc.*, *supra*, 14 Cal.5th at pages 1121-1122, our Supreme Court held where an employee has an individual PAGA claim that must be arbitrated, that fact does not prevent that employee from filing a representative PAGA claim that is not subject to arbitration. The

court held, "Employees who were subjected to at least one unlawful practice have standing to serve as PAGA representatives even *if they did not personally experience* each and every alleged violation." (*Id*. at p. 1122, italics added.) "An interpretation of the statute that impedes an employee's ability to prosecute his or her employer's violations *committed against other employees* would *undermine PAGA's purpose* of augmenting enforcement of the Labor Code." (*Id*. at pp. 1122-1123, italics added.) " 'PAGA standing is not inextricably linked to the plaintiff's own injury.' " (*Id*. at p. 1122.)

In *Kim v. Reins International California, Inc*. (2020) 9 Cal,.5th 73, 88, our Supreme Court held the Legislature authorized "PAGA suits brought 'separately' from individual claims for relief."

In *Balderas v. Fresh Start Harvesting, Inc*., *supra*, 101 Cal.App.5th at page 536, a trial court struck an employee's PAGA complaint because since "she had not filed an individual action seeking PAGA relief for herself, she lacked standing to pursue a 'non-individual' or representative PAGA action on behalf of other employees." We reversed and held she could file a stand-alone representative PAGA claim where she sought no individual PAGA claim for herself. (*Ibid*.) Citing *Adolph v. Uber Technologies, Inc*., *supra*, 14 Cal.5th at page 537, we ruled, "[T]he Legislature enacted PAGA 'to create new civil penalties for Labor Code violations and " 'to allow aggrieved employees' " ' to act as private attorneys general ' "to recover [those] penalties." ' " (*Balderas*, at p. 537.) *Adolph*, *Kim*, and *Balderas* support the trial court's decision to deny Canyon's motion to compel arbitration.

*Leeper v. Shipt*

Canyon cites *Leeper v. Shipt, Inc.* (2024) 107 Cal.App.5th 1001, 1008, review granted April 16, 2025, where the court held PAGA statutory language unambiguously provides that *any PAGA action* includes an individual PAGA claim. The court noted that "section 2699, subdivision (a) describes a PAGA claim as 'a civil action brought by an aggrieved employee on behalf of the employee and other current or former employees.' " (*Id.* at p. 1009.) From this language it concluded that all PAGA actions have both an "individual claim component" and "a representative component." (*Ibid.*) *Leeper* holds the stand-alone representative PAGA action, described in *Adolph* and *Kim*, must initially proceed to arbitration to determine if the plaintiff is an aggrieved employee.

But a plaintiff who brings a representative PAGA action "may not be compelled to arbitrate whether he or she is an aggrieved employee." (*Contreras v. Superior Court* (2021) 61 Cal.App.5th 461, 477.) *Leeper*'s requirement means all representative PAGA actions are subject to arbitration, even though *Adolph* reached a different result.

Our Supreme Court granted review of *Leeper*. *Adolph* established the right of employees to file stand-alone representative PAGA actions that are not subject to arbitration. Because *Leeper* is in conflict with *Adolph* and *Kim*, it cannot be followed. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) In *Rodriguez v. Packers Sanitation Services, LTD., LLC* (2025) 109 Cal.App.5th 69, 79, review granted May 14, 2025, the court ruled *Leeper*'s logic does not withstand "scrutiny." Moreover, *Leeper*'s statutory analysis does not consider the purpose of PAGA. " ' "[A] thing may be within the

letter of the statute and yet not within the statute, because not within its spirit nor within the intention of its makers." ' " (*Westfall v. Swoap* (1976) 58 Cal.App.3d 109, 116.)  State policy favors the stand-alone representative PAGA action that is not subject to arbitration.

We have reviewed Canyon's remaining contentions and we conclude Canyon has not shown grounds for reversal.[1]

DISPOSITION

The order is affirmed.  Costs on appeal are awarded to respondent.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.            BALTODANO, J.

---

[1] Canyon's request for judicial notice, filed March 14, 2025, is denied.  Canyon has not made an adequate showing of the relevance of the documents it cites that are not part of the record of the motion for arbitration.  (*Ponce v. Black* (1964) 224 Cal.App.2d 159, 164.)

Colleen K. Sterne, Judge

Superior Court County of Santa Barbara

_____

Fisher & Phillips, Landon Schwob, Sohin Gautam and Jacob Waschak for Defendants and Appellants.

Blumenthal Nordrehaug Bhowmik De Blouw, Norman B. Blumenthal and Kyle R. Nordrehaug for Plaintiff and Respondent.